**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

NATHANIEL J. BROUGHTY,

      Plaintiff,

v.

CHRISTOPHER E. BOUZY

      Defendant.

Civil Action No. 2:22-cv-6458

**[PROPOSED] ORDER ADMITTING MAXWELL S. MISHKIN *PRO HAC VICE***

This matter having been brought before the court by Defendant Christopher E. Bouzy's Motion for an Order admitting Maxwell S. Mishkin of Ballard Spahr LLP *pro hac vice* in the above-captioned matter as counsel for Defendant pursuant to Local Rule 101.1(c) and the Court having reviewed and considered the party's submission,

    IT IS this ___ day of _____, 2022 hereby

    **ORDERED** that Maxwell S. Mishkin, Esquire be permitted to appear *pro hac vice* in the above-captioned matter in the United States District Court for the District of New Jersey pursuant to Local Rule 101.1(c); provided, however that all pleadings, briefs and other papers filed with the Court shall be signed by William P. Reiley, Esquire, or another member in good standing with the Bar of the Supreme Court of New Jersey and the Bar of this Court, who shall be held responsible for said paper and for the conduct of the case, and who shall be present before the Court during all phases of this proceeding, unless expressly excused by the Court, as well as be held responsible for the conduct of the attorney admitted *pro hac vice* pursuant to this Order; and it is further

**ORDERED** that, pursuant to Local Civil Rule 101.1(c)(2), Mr. Mishkin shall pay the annual fee to the New Jersey Lawyers' Fund for Client Protection in accordance with New Jersey Court Rule 1:28-2 of each calendar year this matter is pending; and it is further

**ORDERED** that, pursuant to Local Civil Rule 101(c)(2), Mr. Mishkin shall make a payment of $150.00, payable to the Clerk, United States District Court; and it is further

**ORDERED** that Mr. Mishkin, shall be bound by the General and Admiralty Rules of the United States District Court for the District of New Jersey, including but not limited to the provisions of Local Civil Rule 103.1 and Local Civil Rule 104.1; and it is further

**ORDERED** that, pursuant to Local Civil Rule 101.1(c)(4), Mr. Mishkin shall be deemed to have agreed to take no fee in any tort case in excess of the New Jersey Court Contingency Fee Rule, New Jersey Court Rule 1:21-7, as amended.

Dated: _____          _____
                                        Honorable Susan D. Wigenton