# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

NATHANIEL J. BROUGHTY,

       Plaintiff,

v.

CHRISTOPHER E. BOUZY,

       Defendant.

Case No. 2:22-cv-6458-JKS-AME

**REPLY MEMORANDUM IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

BALLARD SPAHR LLP

William P. Reiley (128872014)
Casey G. Watkins (060122014)
700 East Gate Drive, Suite 330
Mount Laurel, NJ 08054-00015
Tel: (856) 761-3400
Fax: (856) 761-1020
reileyw@ballardspahr.com
watkinsc@ballardspahr.com

Seth D. Berlin (*pro hac vice*)
Maxwell S. Mishkin (*pro hac vice*)
1909 K Street NW, 12th Floor
Washington, DC 20006
Tel: (202) 661-2200
Fax: (202) 661-2299
berlins@ballardspahr.com
mishkinm@ballardspahr.com

*Attorneys for Defendant Christopher E. Bouzy*

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................... ii

I.    Plaintiff Fails To State A Claim Over Tweets About His Credentials ................................................................................................ 4

II.   Plaintiff Fails To State A Claim Over The "Prosecutor" Tweet .................... 10

III.  Plaintiff Fails To State A Claim Over Tweets About His Fundraising ............................................................................................. 11

IV.  Plaintiff Fails to State a Claim for Defamation *Per Quod* ............................ 14

V.   Plaintiff's Complaint Should Be Dismissed With Prejudice ........................ 14

CONCLUSION ...................................................................................................... 15

i

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................ 2

*Baker v. Latham Sparrowbush Associates*,
  808 F. Supp. 992 (S.D.N.Y. 1992) ....................................................................... 10

*Biro v. Condé Nast*,
  883 F. Supp. 2d 441 (S.D.N.Y. 2012) .................................................................... 7

*Chapin v. Knight-Ridder, Inc.*,
  993 F.2d 1087 (4th Cir. 1993) .............................................................................. 13

*Davis v. Boeheim*,
  24 N.Y.3d 262 (2014) ............................................................................................ 1

*Gadsden v. Jersey City Education Association*,
  2008 WL 8920212 (D.N.J. July 2, 2008) ............................................................. 10

*Ganske v. Mensch*,
  480 F. Supp. 3d 542 (S.D.N.Y. 2020) .................................................................... 8

*Gross v. New York Times Co.*,
  82 N.Y.2d 146 (1993) .......................................................................................... 12

*Hernon v. Webb-McRae*,
  2018 WL 4204440 (D.N.J. Sept. 4, 2018) ................................................. 11, 12, 14

*Kahl v. Bureau of National Affairs, Inc.*,
  856 F.3d 106 (D.C. Cir. 2017) ............................................................................... 3

*In re McDonald*,
  205 F.3d 606 (3d Cir. 2000) .................................................................................. 6

*Miller v. MSPB*,
  2023 WL 2239354 (D.D.C. Feb. 27, 2023) ........................................................... 1

*National Association of Letter Carriers v. Austin*,
  418 U.S. 264 (1974) ............................................................................................... 9

*Rapaport v. Barstool Sports*,
  2024 WL 88636 (2d Cir. Jan. 9, 2024) .................................................................. 9

In his First Amended Complaint ("FAC") (ECF 16), Plaintiff Nathaniel Broughty ("Plaintiff") based his claims on a host of tweets that this Court dismissed with prejudice in its prior Opinion and Order (ECF 14 & 15).  Now, in his Opposition ("Opp.") (ECF 30) to Defendant Christopher Bouzy's Motion to Dismiss ("MTD") (ECF 22), Plaintiff has unapologetically doubled down on that strategy in three respects.  First, he continues to base his claims on already-dismissed-with-prejudice tweets as if this Court had not authoritatively disposed of them.  Second, in so doing, he seeks to re-litigate numerous already-rejected arguments.  Finally, he keeps rehashing the same few points in his brief, often verbatim.[1]  "In the immortal words of Yogi Berra," on all three points, "'it's like déjà vu all over again.'"  *Miller v. MSPB*, 2023 WL 2239354, at **1, 4 (D.D.C. Feb. 27, 2023) (admonishing plaintiff to "stem the flow of . . . duplicative filings").

Plaintiff's re-pleading, re-litigating, and rehashing aside, the handful of arguments he advances do not withstand even passing scrutiny.  For example, as if he were writing on a clean slate, he repeatedly argues for application of New York's three-part test for determining that a challenged statement is opinion, invoking *Davis v. Boeheim*, 24 N.Y.3d 262 (2014), and argues that various tweets

---

[1] *See, e.g.*, Opp. at 3 (pointing to Bouzy's "expertise" as to Twitter), 8 (same, in back-to-back sentences), 17 (same), 18 (same), 19 (same), 26 (same), 27 (same), 36 (same); *id.* at 3 (calling Bouzy "the leading expert"), 4 ("a leading research expert"), 7 ("a leading expert"), 19 ("a leading expert"), 22 ("a renowned expert"), 26 ("a prominent expert").

1

about his credentials and fundraising are statements of fact, not opinions. Opp. at 14-19, 31-35. But in squarely rejecting his arguments in its prior ruling, this Court repeatedly addressed *Davis*, *see* Op. at 9-10, 12, 14, as well as other New York state cases articulating that same test, *id.* at 9-12 (citations omitted), and Third Circuit precedent that separately protects statements of opinion as a matter of federal constitutional law, *id.* at 10-12 (citing, *inter alia*, *McCafferty v. Newsweek Media Grp.*, 955 F.3d 352 (3d Cir. 2020)). Plaintiff's failure to reckon with that full body of governing law, as well as this Court's prior explication and application of it, dooms his claims – including his challenge to additional tweets about his fundraising, which are protected opinions under the same reasoning this Court applied to the prior "fundraising" tweets it dismissed with prejudice.

Plaintiff also invokes *Davis* for what he describes as the "liberal standard" for pleading defamation claims supposedly embraced by New York state courts, "fully aware that permitting litigation to proceed to discovery carries the risk of potentially chilling free speech." Opp. at 10 (quoting *Davis*, 24 N.Y.3d at 268). But in its prior ruling, this Court reached the unremarkable conclusion that it "applies the ordinary *federal* pleading standard," Op. at 6 n.3 (emphasis added), which does *not* "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Indeed, in the context here, "the Supreme Court has directed courts to expeditiously weed

2

out unmeritorious defamation suits." *Kahl v. Bureau of Nat'l Affairs, Inc.*, 856 F.3d 106, 109 (D.C. Cir. 2017) (Kavanaugh, J.); *see also* Mem. of Law in Supp. of MTD Pl.'s FAC ("Mem.") (ECF 22-1) at 18 & n.11 (citing decisions from every circuit to address the issue ruling that libel claims are properly dismissed if they fail to plead facts that, if proven, would establish actual malice).[2]

Moreover, for all its repetition, Plaintiff's Opposition is even more noteworthy for what it does *not* address. Although the Court afforded him the chance to amend his claims to plead actual malice as to the only tweet it ruled was a statement of fact, he squandered that opportunity by failing to address that tweet at all, first in his FAC and now in his Opposition. *See* Mem. at 17-19. He likewise does not address Bouzy's argument that Plaintiff's claim for defamation *per quod* fails as a matter of law because he has not alleged special damages as required. *See id.* at 27-28. Nor does he address Bouzy's argument that amendment would be futile, and dismissal should be with prejudice. *See id.* at 29.

Because Plaintiff improperly tries to re-plead tweets already dismissed with prejudice, seeks to re-litigate issues resolved against him, and fails to address a number of arguments at all, his FAC should be dismissed with prejudice.

---

[2] In any event, even if New York state procedure applied, New York has, since *Davis*, imposed heightened pleading standards – as well as additional substantive requirements – on plaintiffs pursuing defamation actions. *See* Mem. at 8 n.7 (citing N.Y. Civ. Rights Law § 76-a).

3

I.       **Plaintiff Fails To State A Claim Over Tweets About His Credentials.**

Save for the one "prosecutor" tweet (addressed in Part II below), each of Bouzy's tweets about Plaintiff's credentials were dismissed *with* prejudice. The Court concluded that they were "protected First Amendment speech because a reasonable reader would only view them as opinions, and the facts upon which they were based were disclosed, so 'readers can easily judge the facts for themselves.'" Op. at 12 (quoting *McCafferty*, 955 F.3d at 357).

In moving to dismiss the FAC, Bouzy explained that it was improper for Plaintiff to continue challenging these already-adjudicated-as-non-actionable tweets. *See* Mem. at 16-17 (quoting *Gadsden v. Jersey City Educ. Ass'n*, 2008 WL 8920212, at *1 (D.N.J. July 2, 2008) (describing such repetitive challenges as "improper" and "a waste of judicial resources" that "will not be tolerated"), and *Baker v. Latham Sparrowbush Assocs.*, 808 F. Supp. 992, 997 (S.D.N.Y. 1992) (criticizing "an improper attempt to reargue the merits of th[e] court's dismissal of the[] claims in its prior ruling"), *aff'd*, 72 F.3d 246 (2d Cir. 1995)). In response, in addition to Plaintiff's misplaced reliance on *Davis* (as addressed above), he offers four other arguments, but none of them can withstand scrutiny.

**First**, Plaintiff argues that he is not just plowing the same ground because the FAC now includes a claim for defamation by implication. Opp. at 10-14. But the Court has already considered and rejected that exact claim.

4

In moving to dismiss the original Complaint, Bouzy argued that New York law governs this case, that New York does not recognize a claim for false light, and that Plaintiff's false light claim therefore fails as a categorical matter. In response, Plaintiff argued "alternatively" that, if New York law applied, he had "stated a claim . . . for defamation by implication under New York law." *See* [First] MTD Opp. at 39 (ECF 12). Given that argument, the parties extensively addressed defamation by implication in their briefing that preceded the Court's prior ruling. *See* [First] MTD Mem. at 32-35 (ECF 10-2); [First] MTD Opp. at 27-28, 35-36, 39; [First] MTD Reply at 8, 13 (ECF 13). So when the Court ruled that New York law did indeed govern this action and thus dismissed the false light claim with prejudice, it went on to reject Plaintiff's alternative argument "that the same underlying facts support a 'defamation by implication claim' under New York law." Op. at 8; *id.* (holding that initial Complaint "lacks sufficient facts to state a defamation claim" under that theory).

Plaintiff's only response is that the Court could not actually have rejected his defamation by implication claim because doing so would have amounted to issuing "an advisory opinion," which, he contends, is "a legal impossibility." Opp. at 13. The Third Circuit, however, has held that it is *not* an advisory opinion for a court to "consider a legal issue that, if decided in the defendant's favor, would be dispositive on a motion to dismiss" where "[d]oing so conserves both the court's

5

and the parties' resources." *In re McDonald*, 205 F.3d 606, 608 (3d Cir. 2000). That is exactly what this Court did here. After finding that New York law applied and does not allow false light claims, the Court then rejected Plaintiff's argument that he had stated a claim for defamation by implication under New York law.

**Second**, despite the Court's prior ruling concluding these tweets were opinions and dismissing them with prejudice, he now argues that they should be considered statements of fact because Bouzy's prior motion papers characterized portions of those tweets as "true," "substantially true," or "literally true." Opp. at 14. In taking this position, however, Plaintiff misconstrues Bouzy's argument, the Court's prior opinion, and governing law.

Consider Tweet No. 2, in which Bouzy wrote, "I am sure there is a reasonable explanation for why we can't find [a person named Nate Broady] in the database where he claims he practices law," and which included a screenshot of the state court system's attorney search portal. *See* Ex. 2 to Cert. of Counsel at 11 (ECF 10-4). In moving to dismiss Plaintiff's original Complaint, Bouzy first argued that the tweet was "substantially true because Bouzy *could not possibly* have found such information about an individual named 'Nate Broady'" (since that is not his actual name). [First] MTD Mem. at 23-24; *see also* Opp. at 12 (conceding tweets were "literally true on the surface"). Bouzy then argued that, "to the extent Plaintiff construes these tweets to imply that he 'was lying about his

6

credentials,' *see* Compl. ¶ 76, the tweets disclose the basis for that conclusion," so that any "implication" Plaintiff "is not an attorney" is "shielded by the branch of the opinion doctrine that protects conclusions – both express and implied – based on disclosed facts." [First] MTD Mem. at 23-24. Bouzy thus showed that the tweet *itself* was true (he found no person named "Nate Broady"), while the tweet's alleged *implication* (Plaintiff misstated his credentials) was an opinion based on a disclosed (and true) fact. *Id.*; *Biro v. Condé Nast*, 883 F. Supp. 2d 441, 468 (S.D.N.Y. 2012) ("If the Constitution protects an author's right to draw an explicit conclusion from fully disclosed facts, then an unstated inference that may arise in a reader's mind after reading such facts is also protected as an implicit expression of the author's opinion.").

This Court subsequently agreed with Bouzy, concluding that (a) "it was not false for [him] to say that he could not locate Plaintiff's bar number or find him in the attorney database" because "Plaintiff concedes that the name he used on social media was not his real name" *and* (b) the alleged implication drawn from that true fact – "that Plaintiff was not a 'real lawyer'" – was a protected opinion because it "was plainly based on" disclosed facts. Op. at 12-13. Indeed, the whole premise of the protection for opinions based on disclosed facts is that a statement will necessarily include both an opinion or conclusion and the facts on which it is based. As such, Bouzy's prior argument describing portions of some of his tweets

7

as "true" in no way removes the balance of those tweets – or the implications they arguably convey – from the robust constitutional protections for expressions of opinion.

**Third**, Plaintiff attacks Bouzy for supposedly arguing "that factually true statements made on Twitter should inherently be considered non-actionable opinions." Opp. at 13; *see also id.* at 17 (referring to "Defendant's claim that statements made on Twitter are automatically opinions"). The trouble for Plaintiff is that Bouzy never made such an "inherently" or "automatically" argument and, tellingly, Plaintiff never cites to any place in Bouzy's opening brief where this argument supposedly appears.

To the contrary, Bouzy merely agreed with this Court that in separating fact from opinion, it is required to consider the context in which the statements appear (indeed, that is one of the *Davis* factors Plaintiff embraces), and that, in the context of Twitter, "a reasonable reader will expect to find many more opinions than facts." Mem. at 8-9 (quoting Op. at 11). Thus, Bouzy's actual argument is well-founded. *See, e.g.*, *Ganske v. Mensch*, 480 F. Supp. 3d 542, 553 (S.D.N.Y. 2020) (collecting cases and stating that "the fact that Defendant's allegedly defamatory statement . . . appeared on Twitter conveys a strong signal to a reasonable reader that this was Defendant's opinion"); *id.* at 545 ("If the Internet is akin to the Wild West, as many have suggested, Twitter is, perhaps, the shooting gallery, where

8

verbal gunslingers engage in prolonged hyperbolic crossfire."). And the point applies with particular force here, where the totality of the circumstances confirms that the statements were opinions. *See Rapaport v. Barstool Sports*, 2024 WL 88636, at *3 (2d Cir. Jan. 9, 2024) (affirming ruling that defamation claim challenging tweets fails where, as here, "the district court did not find that the statements at issue were non-actionable opinions solely because the statements were made on internet platforms" but based its "determination . . . on careful evaluation of *all* of the surrounding circumstances") (emphasis in original).

**Fourth**, and finally, not only does Plaintiff improperly attempt to resuscitate tweets that the Court dismissed with prejudice as opinion, but he also renews his supposition that – based on the phrase "read between the lines" – Bouzy knew all along about Plaintiff's status as a lawyer. But the Court has already considered and expressly rejected that very theory as well. *Compare* Opp. at 20-26 (renewing argument about Bouzy's "already had the information" statement), *with* Op. at 13 (concluding that "[t]his statement does *not* demonstrate that Defendant knew at the outset that Plaintiff was in fact a lawyer under another name") (emphasis added). Moreover, because these arguments go to Bouzy's knowledge of falsity (actual malice) – which by definition assumes a false statement of fact – they are irrelevant where, as here, the Court has already concluded that the tweets are opinions. Op. at 12-13; *see also Nat'l Ass'n of Letter Carriers v. Austin*, 418 U.S.

9

264, 284 (1974) ("[b]efore the test of reckless or knowing falsity can be met, there must be a false statement of fact").

At the end of the day, Plaintiff clearly disagrees with the Court's conclusion that Bouzy's tweets about his credentials are protected expressions of opinion, and that is his right. But it does not give him license to flout the Court's ruling and waste judicial resources by acting as if those tweets had not been dismissed with prejudice. *See Gadsden*, 2008 WL 8920212, at *1; *Baker*, 808 F. Supp. at 997. The Court should reject out of hand Plaintiff's attempt to re-litigate them here.

## II.     Plaintiff Fails To State A Claim Over The "Prosecutor" Tweet.

In dismissing Plaintiff's original Complaint, the Court offered him the opportunity to amend as to the lone tweet that the Court determined could reasonably be read as a statement of fact: Bouzy's tweet "that Plaintiff 'was never a prosecutor.'" Op. at 12. Specifically, the Court afforded Plaintiff the chance to cure his failure to allege *any* facts in his initial Complaint that would, if proven, establish that Bouzy posted that erroneous tweet with actual malice – *i.e.*, knowing it was false or despite a high degree of awareness that it was probably false. *Id.*

Plaintiff barely mentions this "prosecutor" tweet in the FAC and does not even *try* to plead more facts about Bouzy's state of mind when he published it. Mem. at 18-19. And, in his Opposition, Plaintiff simply fails to address Bouzy's argument – or the "prosecutor" tweet more generally. As a result, he concedes

10

Bouzy's argument as to that tweet. *See Hernon v. Webb-McRae*, 2018 WL 4204440, at *2 n.2 (D.N.J. Sept. 4, 2018) ("Plaintiff's failure to address Defendants' motion on several of his claims demonstrates that he has abandoned those claims, or concedes that they are unavailing.") (collecting cases). The Court should therefore dismiss Plaintiff's claims over the "prosecutor" tweet once again, but this time with prejudice.

### III. Plaintiff Fails To State A Claim Over Tweets About His Fundraising.

The FAC's attempt to challenge "new" tweets about Plaintiff's fundraising also fails as a matter of law given this Court's prior ruling. There, the Court concluded that prior fundraising tweets were protected opinions, including in (a) describing Plaintiff as a "grifter" who had "convince[d] a bunch of gullible suckers to donate to his 'legal fund'" and (b) stating that "all he has accomplished is to take money from people and make himself and [his attorney] richer." Op. at 14 (citing *Davis*). As Bouzy has explained, *see* Mem. at 20-21, because the "new" tweets about Plaintiff's fundraising are virtually indistinguishable from the prior fundraising tweets that the Court concluded are non-actionable opinions, the new tweets are likewise protected opinions and cannot support a defamation claim.

Plaintiff simply does not respond to this argument. Again, as if writing on a clean slate, he does not even *try* to distinguish the "new" fundraising-related tweets from the prior fundraising-related tweets. Plaintiff thus concedes the point, *see*

11

*Hernon*, 2018 WL 4204440, at \*2 n.2, and the Court should dismiss his claims as to these statements on that basis alone.

Moreover, even if the Court were to ignore Plaintiff's concession and the prior ruling, his arguments about the "new" tweets fail in their own right. **First**, Plaintiff argues that the "new" tweets should be considered actionable because they "carry a definitive meaning of financial dishonesty and criminal fraud." Opp. at 31.³ But as a matter of New York law, "even when uttered or published in a more serious tone, accusations of criminality could be regarded as mere hypothesis and therefore not actionable if the facts on which they are based are fully and accurately set forth and it is clear to the reasonable reader or listener that the accusation is merely a personal surmise built upon those facts." *Gross v. New York Times Co.*, 82 N.Y.2d 146, 155 (1993); *see also* Op. at 9-10 (quoting same). Bouzy's tweets are therefore non-actionable because, even if they were read to imply that Plaintiff's fundraising was fraudulent, that implication is based entirely on facts disclosed in the tweets themselves. *See* Exs. B-G at 7-25 (ECF 22-2).

---

³ In making this argument, Plaintiff states that the "Court is required to consider the full conversation and its context, rather than examining each statement separately," and he criticizes "Defendant's assertion that the court should isolate the statements." Opp. at 33. That turns Bouzy's argument on its head. It was *Plaintiff* who plucked tweets out of context in his FAC, whereas Bouzy provided the Court with copies of the challenged tweets along with all of "the other tweets that are part of the same threads to present the challenged statements in their full context." *See* Second Cert. of Counsel at 2 (ECF 22-2).

To the extent that some of the newly-challenged tweets raise *questions* about Plaintiff's use of the money he has collected, Plaintiff also has no response to the body of law holding that questions are not generally considered statements of fact that are actionable in defamation. Mem. at 21-23. Plaintiff chides Bouzy for relying on *Chapin v. Knight-Ridder, Inc.*, 993 F.2d 1087 (4th Cir. 1993), *see* Opp. at 33-34, but has no response to the fact that, as Bouzy pointed out in his motion, Plaintiff himself cited *Chapin* in his prior briefing, and New York courts have regularly cited *Chapin* with approval. *See* Mem. at 21-22.

Plaintiff also parrots the opinion standard in arguing that the fundraising questions and "statements are actionable under the law because they imply undisclosed or false facts." Opp. at 34. But he does not actually identify either a single allegedly false fact or a single tweet that suggests to readers that Bouzy is in possession of additional, undisclosed facts upon which his opinions are based. *See id.* at 34-35. Instead, Plaintiff merely reiterates his claim that the tweets imply his fundraising was fraudulent. *Id.* But his argument on this point is exactly the same one that he made, and that the Court rejected, in connection with its prior ruling.

**Second**, as Bouzy explained in his motion to dismiss the FAC, even if the Court were to rule that these "new" tweets convey statements of fact rather than nonactionable questions or opinions, they still cannot give rise to a defamation claim because Plaintiff pleads no facts that, if proven, would establish that Bouzy

13

posted these tweets with actual malice. Mem. at 25-27. Plaintiff makes no argument whatsoever in response. Opp. at 28-37 (discussing the "new" tweets at length but never mentioning the actual malice requirement). Once again, therefore, Plaintiff concedes the point. *See Hernon*, 2018 WL 4204440, at *2 n.2.

Because Plaintiff has failed to state a claim with respect to the fundraising tweets, the Court should dismiss Plaintiff's claims arising out of those tweets with prejudice.

**IV.     Plaintiff Fails to State a Claim for Defamation *Per Quod*.**

As noted above, Plaintiff has not pled special damages and offers no response to Bouzy's argument that pleading such damages is required to state a claim for defamation *per quod*. As such, he effectively concedes that claim should be dismissed with prejudice.

**V.     Plaintiff's Complaint Should Be Dismissed With Prejudice.**

Plaintiff does not address Bouzy's argument that amendment would be futile and that the FAC should be dismissed with prejudice. Given courts' repeated admonition that libel lawsuits should be scrutinized at an early stage to ensure that litigation is not used to silence protected speech, and given that Plaintiff's Opposition confirms that amendment would be futile, the FAC should be dismissed, in its entirety and with prejudice.

14

## CONCLUSION

For the reasons above and in his initial brief, Bouzy respectfully requests that the Court grant his motion and dismiss Plaintiff's First Amended Complaint with prejudice. As explained in Bouzy's opening memorandum, *see* Mem. at 8 n.7 & 29, following adjudication of this motion he reserves his right to seek attorneys' fees and costs in connection with defending this case and moving, now for a second time, for dismissal.

Dated:  January 16, 2024

Respectfully submitted,

BALLARD SPAHR LLP
A Pennsylvania Limited Liability Partnership

By */s/ William P. Reiley*

Seth D. Berlin (*pro hac vice*)
Maxwell S. Mishkin (*pro hac vice*)
1909 K Street NW, 12th Floor
Washington, DC 20006
Tel:  (202) 661-2200
Fax:  (202) 661-2299
berlins@ballardspahr.com
mishkinm@ballardspahr.com

William P. Reiley (128872014)
Casey G. Watkins (060122014)
700 East Gate Drive, Suite 330
Mount Laurel, NJ 08054-00015
Tel:  (856) 761-3400
Fax: (856) 761-1020
reileyw@ballardspahr.com
watkinsc@ballardspahr.com

*Attorneys for Defendant Christopher Bouzy*