NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NATHANIEL J. BROUGHTY,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER E. BOUZY,<br><br>Defendant. | Civil Action No. 22-06458<br><br>**OPINION**<br><br>April 22, 2024 |

**SEMPER**, District Judge.

The current matter comes before the Court on Defendant Christopher E. Bouzy's ("Defendant") Motion to Dismiss Plaintiff Nathaniel J. Broughty's ("Plaintiff") First Amended Complaint (ECF 16, "FAC"), pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (ECF 22, "MTD.") Plaintiff opposed the motion. (ECF 30, "Opp.") Defendant filed a reply. (ECF 31, "Reply.") The Court has decided this motion upon the submissions of the parties, without oral argument, pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons stated below, Defendant's Motion to Dismiss is **GRANTED**.

I. **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**[1]

Plaintiff is a former University Police Officer of the City of New York, New York County Assistant District Attorney, and law school instructor who is currently a member of the New York Bar and operates a YouTube channel under the name "Nate the Lawyer." (ECF 16, FAC ¶ 1.)

---

[1] The facts and procedural history are drawn from the First Amended Complaint (ECF 16, FAC), Defendant's Motion to Dismiss (ECF 22, MTD), Plaintiff's Opposition (ECF 30, Opp.), Defendant's Reply (ECF 31, Reply), and documents integral to or relied upon by the FAC. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). For the purposes of the motion to dismiss, the facts are drawn from the FAC and accepted as true. *See Fowler v. UMPC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

Defendant is the founder of Bot Sentinel, an online forum/website aimed at "identifying and monitoring fake accounts, toxic trolls, and countering false and inaccurate information online intended to mislead the public on Twitter." (*Id.* ¶ 17.)

In September 2022, Bot Sentinel published a report titled "YouTube Policy Violations" (the "YouTube Report"). (*Id.* ¶¶ 31-32; ECF 22, MTD at 4.) Bot Sentinel determined that several YouTube channels contained policy violations, and Defendant subsequently used his Twitter account to call for YouTube and Twitter to remove certain accounts due to what he labeled "troll-like behavior," such as disseminating propaganda and false news. (ECF 22, MTD at 4; ECF 16, FAC ¶ 32.)

On September 17, 2022, Defendant posted several tweets about Plaintiff, some of which he later deleted, in which he questioned Plaintiff's credentials. (ECF 16, FAC ¶ 39.) For example, he stated that he could not tell if Plaintiff was a "legit lawyer or just a social media lawyer" and that he could not find Plaintiff's bar association number or any other evidence confirming his ability to practice law. (*Id.* ¶¶ 41-42.)

The following day, Defendant conceded that Plaintiff was a lawyer, and shared records of Plaintiff's status as a New York attorney. (*Id.* ¶¶ 47, 53.) He also admitted that, when he made an earlier claim about not being able to find any record of Plaintiff practicing law, he "already had the information" but was "waiting for someone else to tweet it" so he would not be accused of inappropriately sharing Plaintiff's real name on social media. (*Id.* ¶ 47.) Defendant also erroneously asserted that Plaintiff "was never a prosecutor," and later deleted his tweet upon learning it was incorrect. (*Id.* ¶ 60; ECF 22, MTD at 5-6.) Defendant made statements accusing Plaintiff of criminal conduct or suggesting that he had engaged in criminal conduct. Defendant tweeted that Plaintiff "plant[ed] evidence" as a cop. (ECF 16, FAC ¶ 63.)

On September 21, 2022, Plaintiff, through counsel, transmitted a letter to Defendant demanding that Defendant cease and desist from defaming Plaintiff, and that Defendant delete any defamatory tweets still online. (*Id.* ¶ 66.) Defendant issued a series of tweets in response to the letter, criticizing Plaintiff's fundraising to pursue the lawsuit. (*Id.* ¶¶ 67, 74-75.)

Plaintiff filed this lawsuit on October 28, 2022, in the Superior Court of New Jersey, Law Division, Hudson County. (ECF 1.) The Complaint asserts that several of Defendant's statements constitute defamation *per quod* (Count I), defamation *per se* (Count II), a false light tort (Count III), and intentional interference with a prospective business advantage (Count IV). (*Id.*) Defendants timely removed the suit to this Court on November 4, 2022, based on diversity jurisdiction. (ECF 1.) In January 2023, Defendant filed the first motion to dismiss. (ECF 10.) This Court issued an Opinion and Order granting the motion to dismiss in full. (ECF 14; ECF 15.) The Court also determined that New York law governs this action. (ECF 14.) On September 6, 2023, Plaintiff filed his First Amended Complaint asserting claims for defamation *per se* by implication (Count I), defamation *per se* (Count II), and defamation *per quod* (Count III).[2] (ECF 16, FAC.) Defendant filed a motion to dismiss the First Amended Complaint on November 8, 2023. (ECF 22, MTD.) Plaintiff filed an opposition brief. (ECF 30, Opp.) Defendant filed a reply. (ECF 31, Reply.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for "failure to state a claim upon which relief can be granted." For a complaint to survive dismissal under the Rule, it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*,

---

[2] During this action, Twitter changed its name to "X," and no longer refers to posts as "tweets." (FAC ¶ 13.) However, the Court will continue to refer to the platform as "Twitter" and posts on the platform as "tweets" for the sake of consistency.

556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789.

In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Restatements of a claim's elements are legal conclusions, and therefore, not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210. Even if plausibly pled, however, a complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015).

### III.  ANALYSIS

#### A. Defamation *Per Se* (Counts I & II)

Count I asserts a cause of action for defamation *per se* "by implication." (ECF 16, FAC at 25.) Plaintiff argues that Defendant's statements may be reasonably read to impart false suggestions, impressions, and implications that Plaintiff is unlicensed as an attorney, practices law without a license, has a criminal record, and has perpetrated fraud. (*Id.* ¶¶ 88, 90.) Count II asserts a cause of action for defamation *per se*. (*Id.* at 27.) Defendant argues that Plaintiff seeks to re-

4

allege statements that this Court already found to be non-actionable protected expressions of opinion. (Opp. at 14.) Defendant also argues that the tweets fail to state a claim for defamation because Plaintiff fails to allege any facts that would demonstrate actual malice. (*Id.* at 25.)

In New York, defamation is the making of a false statement "that tends to expose a person to public contempt, hatred, ridicule, aversion or disgrace." *Thomas H. v. Paul B.*, 965 N.E.2d 939, 942 (N.Y. 2012). Defamatory statements expressed in writing or print are also referred to as libel. *Celle v. Filipino Rep. Enterprises Inc.*, 209 F.3d 163, 176 (2d Cir. 2000). A claim for libel in New York has five elements: (1) "a written defamatory statement of fact concerning the plaintiff"; (2) "publication to a third party"; (3) "fault (either negligence or actual malice depending on the status of the libeled party)"; (4) "falsity of the defamatory statement"; and (5) "special damages or per se actionability." *Id.*; *see Stepanov v. Dow Jones & Co.*, 987 N.Y.S.2d 37, 41-42 (N.Y. App. Div. 1st Dep't 2014).

"Since falsity is a sine qua non of a libel claim and since only assertions of fact are capable of being proven false," a defamation or "libel action cannot be maintained unless it is premised on published assertions of fact." *Brian v. Richardson*, 660 N.E.2d 1126, 1129 (N.Y. 1995). Statements of opinion are not actionable, "no matter how offensive." *Davis v. Boeheim*, 22 N.E.3d 999, 1004 (N.Y. 2014); *see also Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 339-40 (1974) ("However pernicious an opinion may seem, we depend for its correction not on the conscience of judges and juries but on the competition of other ideas."). The only type of opinion that is actionable is one that "implies that it is based upon facts which justify the opinion but are unknown [or undisclosed] to those reading or hearing it." *Davis*, 22 N.E.3d at 1004 (quotation marks omitted); *see also Gross v. New York Times Co.*, 623 N.E.2d 1163, 1169 (N.Y. 1993) (stating that accusations of criminality would not be actionable "if the facts on which they are based are fully and accurately set forth and

it is clear . . . that the accusation is merely a personal surmise built upon those facts"). Opinions based on disclosed facts are protected First Amendment speech, because "[w]hen an article discloses the underlying facts, readers can easily judge the facts for themselves." *McCafferty v. Newsweek Media Grp., Ltd.*, 955 F.3d 352, 357 (3d Cir. 2020).

Whether a statement is fact or opinion is a question of law that turns on whether a "reasonable reader" could consider the statement to be conveying a fact. *Davis*, 22 N.E.3d at 1004-05. This analysis depends in large part on the context in which the statement is made. *Brian*, 660 N.E.2d at 1129. "Rather than sifting through a communication for the purpose of isolating and identifying assertions of fact, the court should look to the over-all context in which the assertions were made," including the forum, to determine how a reasonable reader would view them. *Id.* at 1130. Taking context into account, the New York Court of Appeals has held that statements made at a public hearing were not actionable defamation because "[r]easonable listeners come to a public hearing with expectations that the speaker is airing a layperson's opinion," and because a person who is defamed at a public hearing has the remedy of "self-help" — that is, the "immediate opportunity to air his competing view." *600 W. 115th St. Corp. v. Von Gutfeld*, 603 N.E.2d 930, 934, 937 (N.Y. 1992) (citing *Gertz*, 418 U.S. at 344). Courts applying New York law, mindful of the First Amendment, "should be reluctant to employ their powers to correct errors uttered in the give-and-take of live public debate when there is reason to believe that the give-and-take itself can adequately, and more appropriately, remedy the wrong." *600 W. 115th St. Corp.*, 603 N.E.2d at 934.

Where the plaintiff is a public figure, the First Amendment requires that he demonstrate the allegedly defamatory statement was made with "actual malice" — that is, "with either knowledge that it was false or reckless disregard for the truth." *Gottwald v. Sebert*, 220 N.E.3d

6

621, 627 (N.Y. 2023) (citing *New York Times Co. v. Sullivan*, 376 U.S. 254, 279-80 (1964)); *see Celle v. Filipino Rep. Enterprises Inc.*, 209 F.3d 163, 176 (2d Cir. 2000). An otherwise private individual who is not a household name may be a limited-purpose public figure if he "has taken an affirmative step to attract public attention." *James v. Gannett Co.*, 353 N.E.2d 834, 840 (N.Y. 1976); *see Gottwald*, 220 N.E.3d at 633-34 (overturning lower court's ruling that a music producer who purposefully sought media attention was not a public figure). The actual malice inquiry is "a subjective one, focusing on the state of mind of the publisher of the allegedly libelous statements at the time of publication." *Kipper v. NYP Holdings Co.*, 912 N.E.2d 26, 30 (N.Y. 2009).

Additionally, "[n]either the New York Court of Appeals nor the Court of Appeals for the Second Circuit has addressed the proper standard for defamation by implication, let alone its finer contours." *Cohen v. Walcott*, No. 13-CV-9181 (JGK), 2017 WL 2729091, at *5 (S.D.N.Y. June 23, 2017) (citing *Biro v. Conde Nast*, 883 F. Supp. 2d 441, 466 (S.D.N.Y. 2012)). The prevailing pleading standard requires an "especially rigorous showing that (1) the language may be reasonably read to impart the false innuendo, and (2) the author intends or endorses the inference." *Biro*, 883 F. Supp. 2d at 466. "The alleged innuendo may not enlarge upon the meaning of words so as to convey a meaning that is not expressed." *Id*. (citations and quotations omitted). However, where the author is expressing an opinion, "[s]imply looking to whether the author intended or endorsed the inference is limited in its helpfulness." *Id*. at 467. Because "the Constitution protects an author's right to draw an explicit conclusion from fully disclosed facts, then an unstated inference that may arise in a reader's mind after reading such facts is also protected as an implicit expression of the author's opinion." *Id*. at 468. Therefore, where "the implication is simply reflective of the author's opinion based on the facts set forth," a plaintiff cannot state a claim for defamation by implication. *Id*.

As this Court previously held in its August Opinion, Plaintiff is required to show actual malice because he is a limited-purpose public figure. (ECF 14 at 11.) Here again, Plaintiff's defamation claims fail because he has not sufficiently alleged that Defendant made any false statement of fact with knowledge that it was false or with reckless disregard for the truth. *See Gottwald*, No. 32, 2023 WL 3959051, at *2. As previously discussed, the "over-all context" in which the alleged defamation occurred was Twitter—a public forum where a reasonable reader will expect to find many more opinions than facts. *See Bellavia Blatt & Crossett, P.C. v. Kel & Partners LLC*, 151 F. Supp. 3d 287, 295 (E.D.N.Y. 2015) ("New York courts have consistently protected statements made in online forums as statements of opinion rather than fact." (collecting cases)); *see also Franklin v. Daily Holdings, Inc.*, 21 N.Y.S.3d 6, 12–13 (N.Y. App Div. 1st Dep't 2015) (noting that a tweet does not give the same impression of truth as a newspaper article). Accordingly, Plaintiff's First Amended Complaint still fails to allege that Defendant tweeted false statements of fact with knowledge that the statements were false (or with reckless disregard for the truth) *at the time he posted*.[3] (*See generally* FAC.)

1. Tweets Challenging Plaintiff's Credentials

As previously assessed in the Court's August Opinion, the only tweet that a reasonable reader might view as a statement of fact is Defendant's statement that Plaintiff "was never a prosecutor." (ECF 14 at 12; FAC ¶ 60.) Even then, the Court held that Plaintiff failed to plead facts showing that Defendant made this statement with actual malice and dismissed this claim *without prejudice*. (ECF 14 at 16.) Here again, Plaintiff does not allege any facts showing that Defendant

---

[3] To the extent that the FAC addresses the actual malice issue, it alleges that "he intentionally omitted the fact that he was aware of [Plaintiff's] legal name, thereby promoting the false and defamatory implication that he was lying about his qualifications and ability to practice law." (FAC ¶¶ 51, 56.) However, Defendant is not alleged to have known Plaintiff's legal name at the time of his initial tweet. Regardless, this Court has previously dismissed the tweets questioning whether Plaintiff was a lawyer as protected First Amendment speech "because a reasonable reader would only view them as opinions, and the facts upon which they were based were disclosed, so 'readers can easily judge the facts for themselves.'" (ECF 14 at 12 (citing *McCafferty*, 955 F.3d at 357).)

8

knew his statements that Plaintiff was never a prosecutor were false at the time of publication or that he made the statements with reckless disregard for the truth. *See Kipper*, 912 N.E.3d at 30. The Court now dismisses this claim with prejudice. This is Plaintiff's second opportunity to ameliorate the actual malice pleading issue and he has failed to do so, instead opting to relitigate previously adjudicated statements. Accordingly, because Plaintiff fails to plead facts in the FAC showing that Defendant's tweet asserting that Plaintiff was "never a prosecutor" was made with actual malice, none of the tweets concerning Plaintiff's credentials are actionable defamation.

Additionally, as previously discussed in the Court's August Opinion, Defendant's tweets questioning whether Plaintiff was a lawyer are protected First Amendment speech because a reasonable reader would only view them as opinions, and the facts upon which they were based were disclosed. (ECF 14 at 12-13). The Court previously dismissed these claims with prejudice. (*Id.* at 16.)

### 2. Tweets Accusing Plaintiff of Criminal Conduct

Here again, the Court previously held that Defendant's tweets contending or suggesting that Plaintiff committed crimes are also protected statements of opinion. (*Id.* at 14.) Defendant's tweets describing Plaintiff as a "grifter," "liar," and "troll," are opinions in the context in which they were stated and none of Defendant's tweets imply that they are based on undisclosed facts. (*Id.*) Defendant's tweets making more direct accusations of criminal conduct also cannot constitute defamation because they disclose the facts upon which they are based. (*Id.*) The Court previously dismissed these claims with prejudice. (*Id.* at 16.)

### 3. Newly-Challenged Tweets

In the FAC, Plaintiff alleges defamation based on additional tweets where Defendant calls Plaintiff a "fraud" and questions Plaintiff's fundraising efforts to pay litigation expenses. (FAC ¶¶

9

74-85.) Here again, Defendant's tweets are opinions in the context in which they are stated and do not imply that they are based on undisclosed facts. Defendant's tweets call Plaintiff a "fraud" for knowingly tweeting falsehoods for "likes and retweets." (FAC ¶ 77.) Defendant also tweeted several questions regarding whether Plaintiff raised money "under false pretenses," what is "considered fraud," etc. (*Id.* ¶ 81.) These accusations are "merely a personal surmise built upon" Plaintiff's platform and the various screenshots of wire transfers involving Plaintiff's GoFundMe. *See Gross*, 623 N.E.2d at 1169. Twitter users were free to reach different conclusions as to Plaintiff's actions and his platform. *See McCafferty*, 955 F.3d at 357. The Court again dismisses Defendant's nonactionable opinions with prejudice.

### B. Defamation *per quod* (Count III)

Finally, while defamation by implication addresses a situation where the "false statement is contained not in the statement's literal wording but rather its innuendo," defamation *per quod* occurs when a statement is actionable "despite its apparent truth in light of extrinsic facts known to the audience." *Kavanagh*, 997 F. Supp.2d at 248. "In a claim of defamation *per quod*, 'no defamatory statement is present on the face of the communication but a defamatory import arises through reference to facts extrinsic to the communication.'" *Fairstein v. Netflix, Inc.*, 553 F. Supp. 3d 48, 63 (S.D.N.Y. 2021) (quoting *Ava v. NYP Holdings, Inc.*, 885 N.Y.S.2d 247, 251 (N.Y. Sup. Ct. 2009)). In other words, "[a] plaintiff would need to show that the challenged language was capable of communicating the alleged defamatory idea when words were given meaning not ordinarily attributed to them or due to external factors." *Fairstein*, 553 F. Supp. 3d at 63 (quoting *Idema v. Wager*, 120 F. Supp. 2d 361, 368 (S.D.N.Y. 2000)).

For a claim of defamation *per quod*, "there is an additional requirement that the plaintiff plead 'special damages'—that is, actual harm." *Kavanagh*, 997 F. Supp .2d at 249 (quoting *Idema*,

10

120 F. Supp. 2d at 368). The failure to plead special damages is a "fatal defect." *Idema*, 120 F. Supp. 2d at 368; *see also Ava*, 885 N.Y.S.2d at 251, n.3; *Sharratt v. Hickey*, 799 N.Y.S.2d 299, 301 (N.Y. Sup. Ct. 2005).

The alleged defamatory statements are either dismissed as nonactionable opinions or are dismissed for failure to state a claim as discussed in Section A, *supra*. However, Count III also fails because Plaintiff fails to plead any facts in support of his claim for special damages. "New York law requires the identification of the loss of something having economic or pecuniary value which must flow directly from the injury to reputation by defamation; not from the effects of defamation." *Kavanagh*, 997 F. Supp. 2d at 255. "Special damages 'must be fully and accurately stated, with sufficient particularity to identify actual losses.'" *Thai v. Cayre Grp. Ltd.*, 726 F. Supp. 2d 323, 330 (S.D.N.Y. 2010) (quoting *Celle v. Filipino Reporters Enters. Inc.*, 209 F.3d 163, 179 (2d Cir. 2000)). Plaintiff alleges that "Plaintiff seeks . . . special damages for lost contracts resulting from the defamatory statements." (FAC ¶ 96.) This conclusory allegation is insufficient under the special damages pleading requirements.

## IV. CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss is **GRANTED**. Counts I, II, and III are **DISMISSED WITH PREJUDICE**. An appropriate order follows.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig: Clerk
cc: André M. Espinosa, U.S.M.J.
     Parties

11